

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

        Plaintiff,

    v.

RACHEL VAIL,

        Defendant.

**REPORT AND**
**RECOMMENDATION**
14-CR-6136 (FPG)

## Preliminary Statement

On December 9, 2014, defendant Rachel Vail (hereinafter "Vail" or "defendant") was indicted on one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). See Second Superseding Indictment (Docket # 55). On March 4, 2015, the defendant filed an omnibus motion seeking various forms of pretrial relief. (Docket # 108). The government filed a response in opposition on April 6, 2015. (Docket # 124). On April 13, 2015, the Court heard arguments from the parties and resolved the majority of Vail's omnibus motion. See Order (Docket # 136). However, the Court reserved decision on defendant's motion to (1) dismiss the Indictment due to the insufficiency of the evidence presented to the grand jury; (2) sever her trial from her co-defendants; and (3) suppress statements the

defendant made during a proffer session.[1]

The following is my Report and Recommendation as to these remaining pretrial motions.

### Discussion

**A. Motion to Dismiss the Indictment:** The defendant argues that the Indictment lacks sufficiently reliable evidence to prosecute her. See Omnibus Motion (Docket # 108) at 13. Specifically, Vail suggests that the government "may have used a confidential informant" with a motive to lie to indict her, and "infer[s]" that the grand jury "was made to conclude that persons contacts with others which may [have] as easily been innocent were unlawfully presumed to be culpable." Id. The Court declines to rely on the defendant's unsubstantiated beliefs to grant such a drastic remedy at this juncture,[2] and declines her request to overturn well-established law by dismissing an otherwise valid indictment due to allegedly insufficient evidence. See generally United States v. Contreras, 776 F.2d 51, 53-54 (2d Cir. 1985); see also United States v. Barber, 839 F. Supp. 193, 194 (W.D.N.Y. 1993)

---

[1] By letter dated April 17, 2015, the government informed defense counsel that it was reserving the right to use statements made by the defendant during a proffer session at trial. See Exhibit B annexed to Government's Response in Opposition to Supplemental Motion (Docket # 159-1). On June 15, 2015 and June 25, 2015, the defendant and the government submitted supplemental briefs on the government's ability to use these statements against the defendant. See (Docket ## 153, 158).

[2] The Federal Rules of Criminal Procedure instruct that the time to move for a judgment of acquittal based on the insufficiency of the evidence is after the close of the government's presentation of the evidence. Fed. R. Crim. P. 29(a).

2

("[C]ounsel's unsupported view that abuses may have occurred with respect to the grand jury system is insufficient in this case to overcome the presumption of regularity of the grand jury proceedings and does not justify disturbing the traditional secrecies surrounding such proceedings.") (internal citations and quotations marks omitted). Here, a review of the Indictment reveals that it sufficiently "track[s] the language of the statute[s] charged and state[s] the time and place (in approximate terms) of the alleged crime[s]" pursuant to Second Circuit law. See, e.g., United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975). Accordingly, it is my Report and Recommendation that the defendant's motion to dismiss the Indictment be **denied**.

B. **Motion for Severance:** Vail also moves to have her case severed from her twelve named co-defendants' pursuant to Rule 14 of the Federal Rules of Criminal Procedure. See Omnibus Motions (Docket # 108) at 19-20. Defendant claims that she will be "severely prejudiced" if her case is not severed from her co-defendants' because of the "spillover" effect of evidence unrelated to her charged crimes that may be used at trial. Id. Vail also argues that severance is necessary because she intends to call a co-defendant as a witness, and because she fears that she may be limited in her ability to cross-examine co-defendants if the government introduces any statements incriminating her that they may have made. Id.

If the joinder of offenses or defendants for trial "appears to prejudice a defendant or the government," Rule 14 of the Federal Rules of Criminal Procedure allows a court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Despite this discretion, the Supreme Court has instructed that "[j]oint trials play a vital role in the criminal justice system" because "[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted). Thus, while the decision whether to sever a case lies within the district court's "sound discretion," severance should be granted only where there is a danger of substantial prejudice. Id. at 539. Severance is appropriate, for example, "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. Where, as here, "'spillover evidence' is alleged as a ground for a Rule 14 severance, the defendant's burden to demonstrate substantial prejudice resulting in an unfair trial is heavy." United States v. Mullen, 243 F.R.D. 54, 74 (W.D.N.Y. 2006).

Vail has not met the heavy burden of proving that her roles in the alleged narcotics and money laundering conspiracies warrant

4

severance of her case. "[I]t is well established that differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." United States v. Chang An-Lo, 851 F.2d 547, 557 (2d Cir. 1988) (internal quotation omitted); see also United States v. Diaz, 176 F.3d 52, 102-03 (2d Cir. 1999) (finding joint trial proper even though it would result in the admission of testimony about other crimes in which a co-defendant played no part); United States v. Canania, No. S2-4:06 CR 33 ERW, 2006 WL 2043036, at *2 (E.D. Mo. July 19, 2006) ("There is a strong presumption against severing properly joined defendants, especially in a conspiracy case."). To be sure, as in any large multi-defendant conspiracy case involving defendants that played varying roles in the conspiracy, Vail might suffer some prejudice by sitting before a jury while the government introduces evidence unrelated to her alleged conduct. But, it is "not enough to demonstrate that separate trials would have increased the chances of [her] acquittal; rather, the [defendant] must show prejudice so severe as to amount to a denial of a constitutionally fair trial." United States v. Spinelli, 352 F.3d 48, 54-55 (2d Cir. 2003) (internal quotation and citations omitted); see also United States v. Miller, 116 F.3d 641, 679 (2d Cir. 1997) (noting that spillover prejudice may be remedied through clear judicial instructions).

With respect to the defendant's other arguments, her indication that she intends to call an unidentified co-defendant as a witness, standing alone, does not overcome the Court's interest in judicial efficiency. See United States v. O'Connor, 650 F.3d 839, 859 (2d Cir. 2011) (finding severance unnecessary where the defendant fails to show "a likelihood that the codefendant would waive his Fifth Amendment privilege and testify at a severed trial or where, if the codefendant testified, it is likely that his testimony would be subject to damaging impeachment"); see also United States v. Bari, 750 F.2d 1169, 1177 (2d Cir. 1984) (rejecting severance where co-defendants had not pled guilty and, thus, "were unlikely to waive the privilege against self-incrimination at a separate trial unless they had already been acquitted"). Similarly, Vail's reliance on Bruton v. United States, 391 U.S. 123 (1968), to argue that severance is necessary to prevent a violation of her Sixth Amendment right to confront her accuser is without merit. Not only does the defendant fail to identify with any specificity which incriminating statements from co-defendants would result in this violation, but the government avers that no such statements exist. See Response in Opposition (Docket # 124) at 15. Assuming that Vail may, at some point in the future, identify prejudicial statements from co-defendants that the government will use at trial, the Court notes that the judiciary's interest in efficiency and justice "leaves the tailoring of the relief to be

6

granted . . . to the [trial] court's sound discretion." See, e.g., Zafiro v. United States, 506 U.S. 534, 538-39 (1993) (rejecting severance where defendants fail to articulate any specific instances of prejudice).

In short, Vail's arguments for severance — which center on "spillover prejudice" and conclusory allegations of Constitutional violations — do not satisfy the heavy burden of proving substantial prejudice. Accordingly, it is my Report and Recommendation that her motion for severance be **denied**.

**C. Motion to Suppress Statements from the Proffer Session:** On June 15, 2015, the defendant filed a supplemental brief seeking to invalidate the terms of her proffer agreement with the government. (Docket # 153). In the agreement, Vail consented to certain terms — including allowing the government to use her statements during the proffer session to "rebut" any of her assertions at trial - in the hopes of negotiating a plea. Id. at 1. Now, defendant claims that deals like this will have a "chilling effect" on the willingness of defendants to enter into future proffers and asks the Court to limit the scope of the instant agreement. Id. at 5.

In the Second Circuit, proffer agreements are construed according to the general principles of contract law. See, e.g., United States v. Liranzo, 944 F.2d 73, 77 (2d Cir. 1991). When the language in the agreement is clear, it "must be interpreted to give effect to the intent of the parties." United States v. Barrow, 400

7

F.3d 109, 117 (2d Cir. 2005) (internal quotations and citations omitted). Here, the language of the proffer agreement is unambiguous: the parties intended to allow the government to use Vail's statements at the proffer session "as substantive evidence to rebut, directly or indirectly, any evidence offered or elicited, or factual assertions made, by or on behalf of [Vail] at any stage of" the criminal proceeding. See Exhibit A, Proffer Agreement, annexed to Government's Response to Supplemental Motion (Docket # 159).

Defendant, it appears, disagrees with the government's characterization of this provision and seeks to limit the circumstances under which statements from the proffer session may be used by the government. See Supplemental Motion (Docket # 153) at 2-5. To the extent that Vail is seeking to suppress those statements, I deny her request. To start, the Court notes that nothing in the proffer agreement violates the Federal Rules of Evidence or Second Circuit law. While Rule 410 of the Federal Rules of Evidence provides that "statement[s] made during plea discussions with an attorney for the prosecuting authority" are inadmissible if no plea is reached, Fed. R. Evid. 410, its scope is not unlimited. See United States v. Mezzanatto, 513 U.S. 196, 205 (1995) ("[Rule 410] create[s], in effect, a privilege of the defendant, and, like other evidentiary privileges, this one may be waived or varied at the defendant's request."). Indeed, using Rule

410 to invalidate a proffer agreement's waiver term that contemplates rebuttal at trial would interfere with "the criminal justice system's legitimate goal of encouraging plea bargaining in appropriate circumstances." United States v. Velez, 354 F.3d 190, 195 (2d Cir. 2004) ("If the proffer agreement is not enforced, a defendant will have less incentive to be truthful, for he will know that his proffer statements cannot be used against him at trial as long as he does not testify, even if he presents inconsistent evidence or arguments."). This rings especially true where, as here, both the defendant and her attorney reviewed the proffer agreement before committing to its terms. Thus, based on the current record, the Court is unwilling to suppress statements made at the proffer session because, as Vail argues, the waiver term might have a "chilling effect" on future proffers. See Supplemental Motion (Docket # 153) at 5 (citing United States v. Mezzanatto, 513 U.S. at 211 (Ginsburg, J., concurring)). After all, it is precisely this sort of waiver term that incentivizes defendants to be truthful during plea negotiations and encourages prosecutors to solicit the cooperation of those arrested. See United States v. Velez, 354 F.3d at 195.

To the extent that the defendant is asking this Court to define the circumstances under which the government may use the proffer statements for rebuttal, the Court notes that, under Rule 403 of the Federal Rules of Evidence, the trial court has "considerable

discretion to exclude relevant evidence that may inject 'unfair' prejudice or 'confusion' into the jury's resolution of the issues in dispute." See United States v. Barrow, 400 F.3d at 109. Should the government seek to introduce the defendant's statements in a way that unfairly prejudices her, Judge Geraci has the discretion to exclude those statements.[3] Accordingly, it is my Report and Recommendation that defendant's supplemental motion to suppress statements from the proffer session (Docket # 153) be **denied**.

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that defendant's motion to dismiss the indictment and sever her trial (Docket # 108) be **denied**. Further, it is my Report and Recommendation that defendant's supplemental motion to suppress statements made during the proffer session (Docket # 153) also be **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:  March 23, 2016
        Rochester, New York

---

[3] The government has confirmed that it would seek a preliminary ruling from Judge Geraci on whether the statements Vail made at the proffer session can be introduced before doing so. Government's Response to Supplemental Motion (Docket # 158) at 7 n.2. This process protects the defendant from being "ambushed" without a chance to object or respond.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 23, 2016
         Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. United States v. Andress, 943 F.2d 622 (6th Cir. 1991), cert. denied, 502 U.S. 1103 (1992); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).